Please proceed as soon as you're ready. Thank you. May it please the court, your honor. I'm John Cameron. I'm representing Mr. Diggs today. We are appealing today the Veterans Court's legal error in failing to interpret what Mr. Diggs believes were substantive appeals in accordance with the federal legal error versus a factual finding with respect to whether certain materials were enough to constitute a substantive appeal. I'm trying to understand the distinction you're trying to make. Right. Well, I think that it turns on the test. I think that the Veterans Court was concerned about seeing specific allegations of error in that formal appeal. Whereas under the Rivera test, the veteran merely has to state that he wants to continue the appeal and he has to inform the board of the error that he wants the board to correct. So are you arguing that the error is a misapplication of law to the facts of the case? No, your honor. We're arguing that it's the court's legal error in applying the wrong law. So let me try and help you. My recollection is that you argued that the Veterans Court here erred in applying Gibson. And when I read Gibson, I agree with you that it seems to require more than Rivera did. So by relying on Gibson, you think the board has erred in its legal test. Is that right? Is that summarized in your position? That's correct. And that the court also erred in relying on Gibson. Right, the Veterans Court. I'm sorry, I said board. If the Veterans Court and the board had applied the Rivera test. And so I read both Gibson and Rivera and Gibson does require more and we rejected that in Rivera, the more. But the problem for you that I see is that while this Veterans Court decision cites Gibson and doesn't cite Rivera, it nonetheless only cites Gibson for the statement that there's no indication in the March 1995 report that reflected any disagreement with the November SOC. Then they cite Gibson. That's actually a correct statement of law. That's exactly what Rivera says. All the veteran has to do is express disagreement. And so while Gibson does go on and require very specific allegations of what you disagree with, the Veterans Court in this case didn't cite Gibson for those specific allegations. It cited Gibson only for the proposition that the veteran here didn't express any disagreement at all. And that is correct law under Rivera. That is the test of Rivera. The veteran has to express disagreement. So how did the Veterans Court err in reliance on Gibson in light of the fact, unless I'm misreading their opinion, but I only read their opinion as relying on Gibson or citing it to say the veteran has to express disagreement? Well, I think under Rivera, he has to inform the VA that he wants to continue his appeal and inform the VA of what error he wants the board to correct. I don't think that the Veterans Court addressed that, those issues. But didn't the Veterans Court conclude that there was no or that the board found no expression of error or expression of disagreement? The court did find that, did make that finding. So what exactly do you think constitutes the expression of disagreement? I think that the disagreement is reflected in both the March 95 and the May 1995 statements in which the veteran stated that he believed he was entitled to service connection for his mental disorder. Okay, but that's not a statement. That comes, that doesn't come from the veteran himself. He's being quoted, correct? He's being quoted, Your Honor. His statements are being quoted by a VA employee and it's added to the record. Okay. Did you actually raise the May 1995 examination report below? Your Honor, I think we did. I don't think that we emphasized it, but I think we raised all those pleadings. Okay. We also believe that the court, the Veterans Court erred in not permitting, not addressing the regulation that required the board to provide notice of inadequacy before the board dismissed Mr. Dick's appeal. Both parties argued that issue and the Veterans Court failed to make any finding or decision on that issue. I'd like to reserve the rest of my time. Okay, Mr. Cameron. Ms. Kruiser. Good morning, Your Honors. May it please the court. Mr. Diggs appeals the decision of the Veterans Court that affirmed two April 2014 board decisions. As Mr. Diggs has withdrawn his argument regarding a clear and unmistakable error in the second board decision, obviously the only remaining issue for the court is the argument regarding the earlier effective date. The court should dismiss this appeal for lack of jurisdiction. But you, I would think, would agree with my assessment that Gibson does have statements in it that require a level of specificity that we rejected in Rivera. Isn't that right? Okay. Gibson does refer to, it quotes, I believe, the statute that says that in the substantive appeal, there should be specific allegations of error or fact of the law, which was interpreted in Rivera in a single-issue case to mean a certain level of specificity beyond a disagreement with or a desire to appeal is not required, which, as the court pointed out in the Veterans Court decision, did not purport to apply any level of specificity beyond what's required in Rivera to these documents. So is a statement of appeal to a VA employee enough? Your Honor, the statutes and regulations require that the substantive appeal be filed by the veteran with the regional office or by the veteran or representative, and that it set out certain requirements. In Rivera, those requirements were defined to be an expression of disagreement or a desire to appeal for a single issue. A statement of a veteran talking to a VA employee for a purpose other than appeal, not making any kind of expression of desire. What if the VA employee goes back to the office and says the veteran wants to appeal? We're not precluding that there could be circumstances where a veteran could make an oral statement and then it could end up, you know, being considered. Okay, so here we have a veteran who's mentally ill who tells the VA employee, I want to appeal. Why isn't that one of the circumstances that you think would be permissible? Well, first of all, I'm not indicating that would be a broad rule. The statute does make very clear that there are filing requirements to making a substantive appeal. I simply did not want to rule out some kind of factual circumstance not before us here. In the instant... Well, there was a report that was actually submitted to the VA, correct? What occurred was in determining for the veteran's incompetency, a field examiner went to met with him and his wife twice to see if the wife should be the payee for his pension benefits. In the course of those interviews, he made statements indicating that he had filed a claim. So it does not even go to the example the court made where he told the VA employee specifically that he wanted to appeal. He simply referenced the fact that he had made a claim, which... Well, he referenced the fact that he made a claim and that it was on appeal, right? In the May 1995 statement, I believe he mistakenly indicated he had a case at the Court of Veterans' Appeals. In the March 1995 report, the examiner stated he has filed a claim for service connection regarding his mental disorder, which seemed to be kind of a factual statement as to what benefits he might be... could receive potentially. Let's talk about the practical reality here. There is no doubt that he suffered from this mental illness all the way back to the time of his service, correct? Correct. He has been awarded service connection going back to November 1997, that's correct. Okay. So this is just a question of... it's not a question of whether he really should have been entitled to it. It's a question of whether there's some procedural defect that's going to present him from getting what he really should have gotten. The question is whether his earlier claim that he made and then failed to file a substantive appeal became final. Right, right. That's what I'm saying. Had he filed that appeal, there's no doubt that the earlier date would apply, right? Yeah, it's a question of how far earlier it would go because of the earlier claim that he made that was dismissed. That's correct. Going back to the jurisdictional question, however, Mr. Diggs is only raising questions of fact and how the Veterans' Court... So how do we interpret Rivera now? Are you saying that there has to be a substantive filing that with counts and separated paragraphs, statements of jurisdiction? It's got to be that? No, Your Honor. Pursuant to the statute of regulations, the substantive appeal needs to be filed with the regional office. It can be either the Form 9 or correspondence raising similar issues. Under Rivera, when there's a single issue, the Veteran needs to send... It doesn't technically have to be filed. It could just be a letter. Correct. I'm filing in the sense of affirmatively sending it to me. Call up on the phone and say, I want to appeal? I'm not sure if that would be sufficient. What about an email? The regulation says it should be in writing, actually, so I believe that... What about an email? I think that would be another factual determination that the board would need to consider there. However, these circumstances that you're raising differ because here the Veteran took no action to appeal. He happened to speak to this field examiner in the situation regarding whether his wife... The record reflects that he was harboring an understanding that an appeal was pending. The record reflects that he knew he had filed a claim. I think these factual issues, though, kind of raise the problem of why there is a formal appeal process in the first place. The Veteran receives a decision, then they file a notice of disagreement, and they get the statement of the case that sets out more facts than law for them to understand why the regional office made the decision, and then they have the option of filing a substantive appeal. It can be correspondence, something in writing. However, trying to figure out what a Veteran meant by offhand statements that he made to VA employees Well, he's paranoid schizophrenic. I mean, we're not talking about somebody who's able to even understand all the rules and regulations, right? Well, I think there's two issues there. One is that the law does provide that the claimant himself does not need to file the substantive appeal. It can be a representative, a legal guardian. If he's incompetent, it could be the fiduciary or a next friend or the claimant himself. So there is space in the law for people who are under conditions of incompetency to still go forward through a more formal appeal process. There's not a carve-out to make oral statements to appeal. Don't you want to return to your position that all of these things regarding whether he did enough in any individual case is a question of fact or at best application of law to fact and not the overarching legal question? Yes, I would like to return to that, Your Honor. Good plan. As you know, reviewing a challenge to a factual determination or a challenge to a law regulation as applied to the facts is beyond the jurisdiction of this court. Here, the only issue is whether these specific documents, in fact, contain the requisite contents to be a substantive appeal. This is not a question, a legal issue, as to whether a document that does not express disagreement could ever be a substantive appeal or how the statute should be interpreted. It's simply a question as to what the specific contents of this document show about his intent to appeal, which is a question of fact. There is no different legal interpretation of any statute, law, or regulation advanced by Mr. Diggs that would make the document a substantive appeal. Mr. Diggs simply disagrees with how the Board and the Veterans Court interpreted the content of the document and what import they gave to the facts about how it was created. Mr. Diggs would only want this court to find that the 1995 documents adequately identified errors that he wanted the Board to correct, and that's a factual determination. Furthermore, as we discussed, Rivera was about what level of specificity was required. Here, the Veterans Court did not require any level of specificity that conflicts with Rivera, and the Veterans Court did not purport to apply any different tests that would conflict with Rivera. There's no difference of interpretation of the law between Mr. Diggs and the Veterans Court. The only difference is what Mr. Diggs believes factually should be read from the content of the documents, namely that these statements show that he wanted to appeal, and that is a factual question that is beyond the jurisdiction of this court. Well, it may be factual as to whether the statements were ever made, but what about the interpretation of whether any statement at all, any verbal statement at all, would be satisfactory under Rivera? That's a different question, Your Honor. Is that a legal question? The question of whether a verbal statement could ever, for instance, as the statute says, it should be made out in writing. The question of whether a verbal statement could ever be an appeal would be a legal question. However, Mr. Diggs does not argue in this case that a verbal statement should be an appeal. He asserts that the 1995 documents meet the requisite legal test to be a substantive appeal. He simply disagrees factually with how they were interpreted, that they were interpreted not to be a substantive appeal. He asserts that the statements were in writing and were submitted to the regional office, which the Veterans Court disagrees with and says that's not what occurred and that's a misrepresentation of the document. So furthermore, any suggestion that the principles regarding reading the veterans' documents liberally or not applying a four corners test are really not raised by this situation. Those cases regard when the board does not look at other evidence or theories that were not raised in a substantive appeal document. Here, there's simply a situation where the veteran did not timely file a substantive appeal at all. Finally, if the court concludes that there is jurisdiction, the Veterans Court properly found no error in the board's decision. The Veterans Court properly found this document was not filed by Mr. Diggs, was not created by him, and did not contain any disagreement or a desire to appeal. Any argument that these statements could constitute an appeal would really contravene the appellate system that is set up for the veteran through the acts of Congress and regulations. The statutes 38 U.S.C. 7105 A and B in the regulations clearly show that the appeal must be in writing. It must come from the veteran himself or someone representing his interests, which is obviously to make sure that the veteran does have an intent and consent to appeal. Furthermore, as the court has noted, these statements do not show any disagreement with what the regional office did or a desire to appeal. Trying to figure out what he meant in these statements definitely shows the pitfall of trying to construe documents as an appeal that do not come through the appellate process. Therefore, if there's no further questions, I conclude that the court should dismiss, for lack of jurisdiction, or affirmatively appeal the veteran's court. Thank you. Mr. Cameron? Yes, Your Honor. I would like to respond that I don't believe in meeting the veteran's court decision that it ever did address the Rivera standard of whether Mr. Diggs raised the issue of what claim, if any, he wanted the board to correct. So, I think that the legal standard that Rivera required wasn't addressed, even though the board did address, even though the court did address the question of disagreement with the statement of the cash in the writing decision. I would also like to point out that in 1995, the regulation at 20.301 of Title 38 at page 3317 of the appendix provides that substantive appeal may be filed by a claimant or his representative or fiduciary or another person acting as next friend. It did not require that those people file the claim. I think that the important issue is not necessarily who filed the claim, but that the document found its way into the claims file within the appeal period. And given that the board and the VA had a duty to liberally construe all the documents within the claims file, then the board was required to look at those documents and determine whether they were, in fact, a valid substantive appeal or whether they were inadequate. That's a problem with the case. Even if the board had looked at all these facts, and I had another citation to the record where the veteran or the VA employee says that Mr. Diggs had told him that his claim is presently pending in the Veterans Court of Appeals, and to me that indicates that there's some sort of understanding that he had that he had an appeal. But putting all that to a side, when the VA considers all of these different facts and says does this rise to an intent to appeal or does this satisfy Rivera, and they say yes or no, they're applying law to the facts of the case. And we don't have jurisdiction over that particular issue. And you need to rise above that. You need to show when you're running out of time, and I don't know you have a good amount of time left, you need to show how this is a legal question before us. Otherwise, we can't review the arguments that you've made. Right. I understand, Your Honor. Okay. But I don't recall the board actually addressing the standard in Rivera. Perhaps it did, but I don't recall it. Okay. All right. I don't have any further argument. Thank you. Okay. We thank both counsel for their argument. The case is taken under submission. All rise.